*E-FILED - 9/11/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND RODRIGUES, JR., ) | No. C 06-4036 RMW (PR) |
| ) Petitioner, ) | ORDER GRANTING MOTION TO DISMISS; DISMISSING WITH LEAVE TO AMEND; DENYING MOTION TO STAY; DENYING MOTIONS FOR APPOINTMENT OF COUNSEL AND TO GRANT PETITION |
| vs. ) ) | |
| TOM CAREY, et al., ) ) | |
| Respondents. ) ) | (Docket Nos. 10, 11, 12, 13, 14) |

Petitioner, a California prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and a motion to proceed in forma pauperis. The court ordered respondent to show cause why the petition should not be granted based on petitioner's three cognizable claims, to wit: (1) his Sixth Amendment right to confrontation was violated by the trial court's refusal to allow petitioner to impeach the credibility of a witness with a prior fraud conviction; (2) the trial court violated his constitutional right by sentencing him to an aggravated term based on facts which he did not admit, nor which the jury found true, beyond a reasonable doubt; and (3) he received ineffective assistance of counsel.

Respondent has filed a motion to dismiss because the second and third claims are unexhausted. Petitioner does not dispute that these two claims are unexhausted, but

instead has filed a motion to stay this matter while he exhausts his second and third claims in state court. Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b),(c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982); Duckworth v. Serrano, 454 U.S. 1, 3 (1981); McNeeley v. Arave, 842 F.2d 230, 231 (9th Cir. 1988). A federal district court must dismiss a federal habeas petition even if it contains only a single claim as to which state remedies have not been exhausted under 28 U.S.C. § 2254(b)-(c). See Rose, 455 U.S. at 522.

The parties do not dispute that petitioner has exhausted his first claim, or that he has failed to exhaust his second and third claims. In lieu of dismissal, however, petitioner requests that this matter be stayed while he exhausts this claim by presenting them to the California Supreme Court. District courts have the authority to issue stays of mixed federal habeas petitions, and the AEDPA does not deprive them of that authority. Rhines v. Webber, 125 S. Ct. 1528, 1535 (2005). The use of a stay and abeyance is only appropriate, however, where the district court has first determined that there was good cause for the petitioner's failure to exhaust the claims in state court and that the claims are potentially meritorious. Id. The Court has already found the claims to be cognizable, and thus they have a potential for merit.

Petitioner states that the reason he failed to exhaust his second and third claims earlier is because his appellate counsel failed to include these claims in his petition for direct review to the California Supreme Court. The Ninth Circuit has recently held that counsel's failure to include claims on direct appeal does not establish "good cause" to grant a pro se petitioner's request to stay a mixed federal petition under Rhines. Wooten v. Kirkland, No. 06-56575, slip op. 11655, 11663-64 (9th Cir. Aug. 26, 2008) (upholding denial of stay because petitioner's incorrect belief that counsel had raised claims to the

1  California Supreme Court on direct appeal did not establish good cause under Rhines for
2  failure to exhaust claims earlier).  Petitioner asserts that counsel's failure to raise such
3  claims on direct appeal amounted to ineffective assistance of counsel, but, like the
4  petitioner in Wooten, he has not "developed any ineffective assistance of counsel
5  argument" by arguing deficient performance or prejudice under Strickland v. Washington,
6  466 U.S. 668 (1984).  See Wooten, slip op. 11663, n.2.  As a result, his assertion that
7  ineffective assistance of counsel does not, without more, establish good cause for a stay
8  under Rhines.  See id.  Accordingly, petitioner's motion for a stay will be DENIED.
9        As the petition is a mixed petition, containing both exhausted and unexhausted
10 claims, petitioner will be granted an opportunity to file an amended petition containing
11 only his first, exhausted claim.  If petitioner fails to file such an amended petition
12 according to the instructions set forth below, this action will be dismissed without
13 prejudice to filing a new petition containing only unexhausted claims.  However, a new
14 petition would be time barred, absent cause for equitable tolling, upon his return to
15 federal court if he opted to dismiss the petition without prejudice and return to state court
16 to exhaust all his claims.
17        For the foregoing reasons, the Court orders as follows:
18    1.   Respondent's motion to dismiss (Docket No. 10) is GRANTED..
19 Petitioner's motion to stay (Docket No. 14) is DENIED.
20    2.   This action is DISMISSED with leave to file an amended petition
21 containing only exhausted claims within **thirty (30) days** of the date this order is filed.
22 The amended petition must include the caption and civil case number used in this order
23 (No. C 06-4036 RMW (PR)) and the words FIRST AMENDED PETITION on the first
24 page.
25        **The amended petition supersedes the original petition, and petitioner may not**
26 **incorporate material from the prior petition by reference.  The amended petition**
27 **must only include exhausted claims, and it must forth all the claims petitioner wishes**
28 **this Court to consider with sufficient clarity and particularity for respondent to**

1  **prepare an answer.  If petitioner fails to file an amended petition in conformity with**
2  **this order, this action will be dismissed without prejudice.**
3       5.     Petitioner's motions for appointment of counsel (Docket Nos. 12 & 13) are
4  DENIED for want of a showing of extraordinary circumstances.  Petitioner's motion to
5  grant the petition (Docket No. 11) based on "default" by Respondent is DENIED.
6       This order terminates Docket Nos. 10, 11, 12, 13 & 14.
7       IT IS SO ORDERED.
8  Dated:  9/10/08                          *Ronald M. Whyte*
                                            RONALD M. WHYTE
9                                           United States District Judge

G:\PRO-SE\SJ.Rmw\HC.06\Rodrigues036mtd&dwlta2.wpd         4